Citation Nr: 1703141 
Decision Date: 02/02/17 Archive Date: 02/15/17

DOCKET NO. 07-24 729 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

R. Dodd, Counsel


INTRODUCTION

The Veteran served on active duty from March 2002 to August 2002 and from January 2003 to January 2004.

This matter comes before the Board of Veterans' Appeals (Board) from a September 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas, which denied an increased rating for a left knee disorder.

In September 2008, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge (VLJ). A copy of the transcript has been associated with the Veteran's electronic claims file.

In September 2009 and August 2014, the Board remanded this case for further development. The left knee disability claim was denied by the Board in a December 2015 decision, at which time the Board also identified the issue of entitlement to a TDIU as also on appeal under the holding in Rice v. Shinseki, 22 Vet. App. 447 (2009). The Board remanded the issue of entitlement to a TDIU for further development. The TDIU claim is once again before the Board.

This appeal was processed using the Virtual VA (VVA) and Virtual Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Board previously remanded this matter in December 2015 to afford the Veteran the required notice and development of his claim for a TDIU. As such, the RO provided the Veteran with the appropriate notice and opportunity to submit a completed VA Form 21-8940 (Veterans Application for Increased Compensation Based on Unemployability) in December 2015. It appears that because the Veteran did not immediately respond, the claim was denied and a Supplemental Statement of the Case was issued on February 1, 2016. However, the Veteran did respond the next month, providing a formal application for TDIU benefits, after which additional development was undertaken, including obtaining treatment records and examination reports. 

Evidently, the RO considered the Veteran's March 2016 TDIU application to be a new claim, and has yet to consider this additional evidence. Since the TDIU claim was implied as an element of the claim denied by the Board in December 2015, it is construed as pending since then, and review of this additional evidence should be accomplished by the RO in the first instance. 38 U.S.C.A. § 7105; 38 C.F.R. § 20.1304. This should be undertaken after obtaining any additional relevant records as the Veteran may indicate. 

Accordingly, the case is REMANDED for the following action:

1. Contact the Veteran and ask that she identify any outstanding VA and non-VA records pertaining to the impact on her employability by her service-connected disabilities that are not already of record. The RO should take appropriate measures to request copies of any outstanding records of pertinent VA or private medical treatment and associate them with the claims file. 

2. After obtaining any outstanding relevant records, provide the Veteran with an appropriate VA examination to determine the impact of her service-connected disabilities on her ability to secure and follow a substantially gainful occupation, taking into consideration her education, training, and work history, but not her age or any non-service-connected disorders. The claims file should be made available to and be reviewed by the examiner, and all necessary tests should be conducted.

A complete explanation for all opinions expressed should be provided in the examination report. 

3. Then, with consideration given to all the evidence of record, adjudicate the appeal of the issue of entitlement to a TDIU. If the claim is denied, issue a supplemental statement of the case to the Veteran and her representative and provide an opportunity to respond before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 
action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).


_________________________________________________
MICHAEL E. KILCOYNE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).